61 F.3d 916
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ulus GUY, Jr. petitioner-appellant,
v.
Ron CHAMPION, Respondent-Appellee.
 No. 95-5096.
 United States Court of Appeals, Tenth Circuit.
 July 21, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ulus Guy, Jr., a pro se inmate, brought this third petition for habeas corpus relief in federal district court. The district court dismissed this most recent cause of action as successive and as an abuse of process under Rule 9(b). Mr. Guy appeals, and we affirm.
 
 
 3
 Mr. Guy has filed three petitions for a writ of habeas corpus in federal court. The first petition raised the issue of whether Mr. Guy was improperly denied access to his trial transcript. This petition was dismissed because the claim was procedurally barred. Case No. 92-C-639-B. In his second habeas corpus petition, Mr. Guy raised the issues of whether (1) he had been tried twice for the same crime in violation of Double Jeopardy and (2) his counsel provided ineffective assistance when he failed to file a motion to dismiss charges because Mr. Guy was not selected from a live lineup and because he was tried twice for the same crime. This petition was dismissed as successive and abusive. Case No. 94-C-1073-B.
 
 
 4
 Mr. Guy's current habeas corpus action reasserts the issues of (1) Double Jeopardy in that he was tried twice for the same crime, (2) ineffective assistance of counsel for failing to file a motion to dismiss the charges based upon Double Jeopardy, (3) ineffective assistance of counsel for failing to file a motion to dismiss the charges after Mr. Guy was not selected from a lineup, and (4) "loss of records" under Harris v. Champion, 15 F.3d 1538 (10th Cir.1994), in that Mr. Guy did not receive a trial transcript.
 
 
 5
 The district court noted that Rule 9(b) allows judges to dismiss successive petitions if the petitioner fails to allege new or different grounds for relief and the prior determination was on the merits. The district court found Mr. Guy had raised these grounds in prior federal habeas corpus actions and the previous petitions were dismissed on the merits. Thus, the court went on to decide whether Mr. Guy could show the ends of justice would be served by a redetermination of the grounds. Parks v. Reynolds, 958 F.2d 989, 994 (10th Cir.), cert. denied, 503 U.S. 928 (1992) (quoting Sanders v. United States, 373 U.S. 1 (1963)). The district court concluded Mr. Guy could not show a fundamental miscarriage of justice to overcome the bar under Rule 9(b) and therefore dismissed his habeas corpus petition.
 
 
 6
 We find no error, and accordingly, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470